UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN CHRISTOPHER BRYAN,<br><br>　　　　　　　　　　　Petitioner,<br>　　v.<br>MIRANDA M. DU, et al.,<br>　　　　　　　　　　　Respondents. | Case No. 3:24-cv-00495-ART-CLB<br><br>DISMISSAL ORDER |

*Pro se* Petitioner Steven Christopher Bryan, who is currently subject to supervised release following his federal criminal conviction, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, paid his filing fee, and filed a motion to file an oversized brief. (ECF Nos. 1 ("Petition"), 1-1, 4.) This matter comes before this Court for initial review of the Petition under the Rules Governing Section 2254 Cases in the United States District Courts.[1] For the reasons discussed below, this Court finds that the Petition is a disguised motion attacking a federal sentence under 28 U.S.C. § 2255. As such, this Court dismisses this action based on a lack of jurisdiction and denies the motion to file an oversized brief as moot.

**I.　BACKGROUND**

On December 13, 2021, following a jury trial, Bryan was convicted of voluntary manslaughter under 18 U.S.C. § 1112(a) in *United States of America v. Steven Bryan*, 3:19-cr-00060-MMD-WGC.[2] Bryan was sentenced to 70 months in the Federal Bureau of Prisons and 3 years of supervised release thereafter. Bryan appealed, and the Court of Appeals for the Ninth Circuit affirmed on August 31,

---

[1] This Court exercises its discretion to apply the rules governing § 2254 petitions to this § 2241 action. (Rule 1(b) of the Rules Governing Section 2254.)

[2] This Court takes judicial notice of the docket records in case number 3:19-cr-00060-MMD-WGC-1.

1

2023, in *United States of America v. Steven Bryan*, No. 21-10372. According to his Petition, Bryan has been released from prison, is residing in Reno, Nevada, and is under the supervision of the United States Probation Office of the District of Nevada.

In his Petition, Bryan requests that this Court reverse his conviction and/or grant him a new trial. (ECF No. 1 at 7.) Bryan presents the following grounds for relief: (1) "[n]o valid criminal statute forb[ade his] conduct" because he killed in self-defense, (2) his trial and direct appeal counsel "refused to acknowledge [that] 18 U.S.C. 1153(b) mandates the use of state law for actions not covered by federal law," (3) "[t]he prosecution sought the lesser included offenses at 6 p.m. the night before the case went to the jury," which "curtail[ed his] constitutional rights to present a complete defense," and (4) the court improperly instructed the jury "and lessened the burden on the government." (*Id.* at 6–7.)

## II.  DISCUSSION

A 28 U.S.C. § 2241 petition is the appropriate vehicle for a petitioner who wishes to challenge the execution of his sentence. *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984) ("Review of the execution of a sentence may be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241."). Comparatively, a 28 U.S.C. § 2255 motion to the sentencing court is generally the appropriate vehicle for a defendant challenging the validity of a federal sentence or conviction. *See* 28 U.S.C. § 2255(a) (stating that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence").

Bryan's Petition raises grounds for relief concerning the validity of his conviction, not the execution of his sentence. As such, the proper vehicle for

1  Bryan's claims is through § 2255, which must be brought before his sentencing
2  court. Bryan does not appear to dispute this conclusion; rather, Bryan argues
3  that his remedy under § 2255 is inadequate to challenge his conviction because
4  he is actually innocent. (ECF No. 1 at 4.)

Although federal petitioners are limited from seeking relief under § 2241 if adequate review under § 2255 is available, *see Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999), there is an exception to this limitation: the "escape hatch." This exception "permits a federal prisoner to file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (internal quotation marks omitted). The remedy under § 2255 will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied or because a remedy under § 2255 is procedurally barred. *See Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003). "[A] § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens*, 464 F.3d at 898. Regarding the former prong, in the Ninth Circuit, "a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated" in *Bousley*, which states that "'[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.*

This Court finds that Bryan cannot satisfy the requirements of the escape hatch. Even if Bryan could establish the actual innocence requirement,[3] which

---

[3] Bryan contends that he killed the victim in self-defense and that "legal homicide is not illegal." (ECF No. 1 at 6.) Although "'[a]ctual innocence' means factual innocence, not mere legal insufficiency," *Bousley v. United States*, 523 U.S. 614, 623 (1998), the Court of Appeals for the Ninth Circuit has concluded that a

3

this Court is unable to assess based on the limited record before it, Bryan fails to demonstrate that he has been obstructed from presenting his grounds for relief through a § 2255 motion. Indeed, it does not appear (1) that Bryan has ever filed a § 2255 motion before the sentencing court or (2) that Bryan's grounds for relief are based on newly developed evidence, making them previously unavailable during his time for seeking relief through a § 2255 motion. Consequently, this Court cannot consider the Petition pursuant to 28 U.S.C. § 2241 because it lacks jurisdiction. Bryan will need to seek relief for his claims, if at all, through a § 2255 motion before his sentencing court.

Because reasonable jurists would not find this Court's conclusions to be debatable or wrong, this Court denies a certificate of appealability. *See* 28 U.S.C. § 2253(c).

### III.   CONCLUSION

It is therefore ordered that the Petition [ECF No. 1] is dismissed based on a lack of jurisdiction.

It is further ordered that the motion to file an oversized brief [ECF No. 4] is denied as moot.

It is further ordered that a certificate of appealability is denied.

It is further ordered that the Clerk of the Court enter judgment accordingly and close this action.

DATED THIS 20th day of November 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

petitioner's claim of justification pursuant to self-defense "corresponds with *Schlup*'s actual innocence requirement." *Jaramillo v. Stewart,* 340 F.3d 877, 883 (9th Cir. 2003).